

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:03-CR-56 |
| | § | |
| ALBERT DESHON MARTIN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Albert Deshon Martin, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #26) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on October 31, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On August 2, 2004, The Honorable Thad Heartfield, United States District Judge, sentenced Mr. Martin after he pled guilty to the offense of possession with intent to distribute cocaine, a Class B felony. Judge Heartfield sentenced the defendant to 70 months imprisonment, followed by four years of supervised release subject to the standard conditions of release, plus special conditions to to include providing the probation officer with access to any requested financial information for purposes of monitoring his effort to obtain and maintain employment and participating in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation

Office, until such time as the defendant is released from the program by the probation officer. On June 22, 2009, Albert Deshon Martin completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

In summary, the petition states avers that on August 13, 2012, Mr. Martin pled guilty to a new state crime in Case 00289310 in Caddo Parish, Louisiana. Mr. Martin was ordered to pay a fine and court costs. He was also sentenced to serve sixty (60) days in the Parish Jail and in addition, to be confined at Hard Labor for a period of ten (10) years and committed to the Louisiana Department of Corrections.

### C. Evidence presented at Hearing

At the hearing, the Government proffered evidence as its factual basis for the allegations set out *supra*. The Government offered, in exhibit form, a copy of the Criminal Minutes dated August 13, 2012, filed in Case 00289310 by the Caddo Parish Clerk of Court. Those minutes reflect that Mr. Martin pled guilty to Count 3 pending in that case which charged Mr. Martin with conspiracy to possess with intent distribute a controlled substance. The court in Caddo Parish sentenced Mr. Martin to a fine, jail time, and hard labor time in the Louisiana Department of Corrections, as stated in the petition. In support, the Government would also offer the testimony of United States Probation Officer Wes Basham.

Defendant, Albert Deshon Martin, offered a plea of true to the allegation in the petition.

Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime.

If the Court finds that Mr. Martin violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of III and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 18 to 24 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission support a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade A violation of his supervision conditions. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order the defendant, Albert Deshon Martin, to serve a term of **18 months imprisonment** with no further supervision to follow in this case. Pursuant to the parties' agreement, the Court further recommends that this sentence run **concurrently** with sentence he is currently serving in the Louisiana Department of Corrections for the sentence imposed in Case 00289310 in Caddo Parish, Louisiana. The Court would therefore recommend that the correctional facility where Mr. Martin is serving his state sentence in Louisiana should be designated as a facility where he can receive federal custody credit from the Bureau of Prisons (BOP).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of November, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE